IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

V.                           CASE NO. 5:15-CR-50060

LARRY JESUS NAVARETE
a/k/a LARRY NAVARRETE
a/k/a NICA
and
GUADALUPE DURAN
a/k/a GUADALUPE NAVARRETE
a/k/a ISABEL NAVARRETE                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Larry Jesus Navarete's Motion to Suppress Title III Wiretap Interceptions and Brief in Support (Doc. 88), and the exhibits attached thereto, as well as the Government's Response (Doc. 96). The Court has also reviewed the Applications for Interception of Wire and Electronic Communications and Affidavits in Support that are the subject of this Motion, which are filed at Case No. 5:15-cm-00052, Docs. 1 and 1-1; Case No. 5:15-cm-00060, Docs. 1 and 2; and Case No. 5:15-cm-00073, Docs. 1 and 2, as well as this Court's orders granting all three Applications in those cases. For the reasons given below, Mr. Navarete's Motion to Suppress is **DENIED**.

### I. BACKGROUND

On July 30, 2015, the Government filed the first Application and Affidavit described above, seeking permission from this Court under 18 U.S.C. § 2518 to intercept communications from a target cell phone, which the Government believed Mr. Navarete

1

was using inside the Calipatria State Prison where he was incarcerated, to further a conspiracy to distribute methamphetamine in the Fayetteville Division of the Western District of Arkansas and to launder the financial proceeds therefrom. This Court entered an order that same day, granting the Government's Application. See Case No. 5:15-cm-00052, Doc. 2. On August 14, 2015, the Government filed the second Application and Affidavit described above, seeking permission under the same statute to intercept communications from an additional target cell phone, which the Government believed was being operated by the same person in the same place. This Court again entered an order on the same day, granting the Government's Application. See Case No. 5:15-cm-00060, Doc. 3. Then, on September 21, 2015, the Government filed the third Application and Affidavit described above, seeking permission under the same statute to intercept communications from yet another target cell phone, which the Government again believed was being operated by the same person in the same place. Once again, this Court entered an order granting the Government's Application on the same day. See Case No. 5:15-cm-00073.

The activities that were the subject of these Applications and Affidavits now form the basis for the criminal charges against Mr. Navarete in the instant case. Mr. Navarete has moved for the fruits of these wiretaps to be suppressed, "on the grounds that they were illegally intercepted because they were based on misleading, unsupported, and factually insufficient affidavits, which lacked the requisite showing of necessity." (Doc. 88, pp. 3–4). Alternatively, Mr. Navarete has requested an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), "to test the validity, accuracy, and completeness of the affidavits." (Doc. 88, p. 4). Although Mr. Navarete challenges all

three Affidavits, he focuses specifically on the July 30 Affidavit because the other two subsequent ones were based on it. *Id.* at 3.  Mr. Navarete raises two arguments in support of his Motion: (i) that the July 30 Affidavit failed to provide "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous" as required by 18 U.S.C. § 2518(1)(c); and (ii) that the July 30 Affidavit failed to provide "a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application . . . to intercept, or for approval of interceptions of . . . communications involving any of the same persons, facilities or places specified in the application" as required by 18 U.S.C. § 2518(1)(e).  The Government opposes Mr. Navarete's Motion, which has been fully briefed and is now ripe for decision.

## II. LEGAL STANDARD

18 U.S.C. § 2518(1)(c)'s requirement of "a full and complete statement" regarding the use of other investigative procedures "seeks to insure that wiretaps are not routinely employed as the initial step in an investigation; it does not, however, require that law enforcement officers exhaust all possible techniques before applying for a wiretap." *United States v. Thompson*, 210 F.3d 855, 858–59 (8th Cir. 2000) (internal citations and quotation marks omitted).  "The government is simply not required to use a wiretap only as a last resort."  *United States v. Macklin*, 902 F.2d 1320, 1327 (8th Cir. 1990). Furthermore, "[e]ven if conventional techniques have been somewhat successful, . . . a wiretap may still be authorized." *United States v. Maxwell*, 25 F.3d 1389, 1394 (8th Cir. 1994).  "In order to be entitled to a hearing under *Franks* the defendant must make a 'substantial preliminary showing' of a false or reckless statement or omission and must

also show that the alleged false statement or omission was necessary to the probable cause determination." *United States v. Milton*, 153 F.3d 891, 896 (8th Cir. 1996). The false statement or omission must have been committed either "knowingly and intentionally, or with reckless disregard for the truth," and "[t]he 'substantial preliminary showing' requirement needed to obtain a *Franks* hearing is not lightly met." *Id.*

### III. DISCUSSION

The Court begins with the issue of whether the July 30 Affidavit failed to provide "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous" as required by 18 U.S.C. § 2518(1)(c). The Court finds that the July 30 Affidavit specifically described prior investigative procedures in Northwest Arkansas involving controlled drug purchases using confidential informants, some of which are identified by name, as well as communications from the target cell phone that appeared to concern drug trafficking and money laundering which were intercepted pursuant to a previous authorization of a different target which Mr. Navarete does not challenge in his Motion. *See* Case No. 5:15-cm-00052, Doc. 1-1, ¶¶ 18–31. It also specifically explained how confidential informants and wiretapped cell phones on which the Government was previously relying had become either compromised or otherwise unavailable. *Id.* at ¶¶ 35–46. It also specifically explained why other conventional investigative techniques, including among many other things physical surveillance, undercover agents, trash searches, and mail-cover requests, would either be too dangerous or unlikely to succeed at accomplishing the objective of acquiring sufficient evidence to prosecute Mr. Navarete for the crimes with which he is now charged. *See id.* at ¶¶ 44–67. The Court finds from

4

all of these facts that the July 30 Affidavit more than amply satisfied 18 U.S.C. § 2518(1)(c)'s requirements as interpreted by the Eighth Circuit.

The Court turns now to the issue of whether the July 30 Affidavit complied with 18 U.S.C. § 2518(1)(e)'s requirement of providing "a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application . . . to intercept, or for approval of interceptions of . . . communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application." Mr. Navarete concedes that the July 30 Affidavit discusses a prior wiretap in California that intercepted communications to which Mr. Navarete was a party on March 18, 2015, April 5, 2015, and April 7, 2015, identifying the federal judges who authorized and extended the wiretap. The Court knows from its own review of the July 30 Affidavit that the Affidavit also identifies the dates on which the order was granted and extended, as well as the DEA number, case name, and status of the associated investigation.

Mr. Navarete argues that all of this information is insufficient to meet § 2518(1)(e)'s requirement of "a full and complete statement of the facts" concerning prior interceptions, but he does not cite any cases to support this contention. This Court has likewise been unable to find any cases that would support his argument, and is not persuaded by it. The plain text of § 2518(1)(e) does not appear to require any disclosures about the facts of the investigation underlying the prior wiretap, but rather simply the facts about the application for the prior wiretap and the prior court's actions taken thereon. The July 30 Affidavit satisfies this requirement. *See* Case No. 5:15-cm-00052, Doc. 1-1, ¶ 17.

Finally, the Court finds that Mr. Navarete has not made a "substantial preliminary showing," or indeed any showing at all, that any statements or omissions in the July 30 Affidavit were "knowingly and intentionally" false or committed "with reckless disregard for the truth." *Milton*, 153 F.3d at 896. Accordingly, Mr. Navarete is not entitled to a *Franks* hearing on any of the issues raised in his Motion.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Larry Jesus Navarete's Motion to Suppress Title III Wiretap Interceptions (Doc. 88) is **DENIED**.

**IT IS SO ORDERED** on this 23rd day of August, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE