IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                    CASE NO. 5:15-CR-50060

LARRY JESUS NAVARETE
a/k/a LARRY NAVARRETE
a/k/a NICA
and
GUADALUPE DURAN
a/k/a GUADALUPE NAVARRETE
a/k/a ISABEL NAVARRETE                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Larry Jesus Navarete's Motion for a Bill of Particulars (Doc. 78), Motion to Sever (Doc. 83), and Motion in Limine (Doc. 89), as well as the Government's Responses in opposition to each of these Motions (Docs. 91, 92, and 97, respectively). For the reasons given below, Mr. Navarete's Motions for a Bill of Particulars and to Sever are **DENIED**, and his Motion in Limine is **GRANTED IN PART AND DENIED IN PART**.

### 1. Motion for Bill of Particulars (Doc. 78)

On January 27, 2016, a Superseding Indictment (Doc. 32) was filed in this case, charging Mr. Navarete with six criminal counts concerning the distribution of methamphetamine and laundering of proceeds therefrom in the Fayetteville Division of the Western District of Arkansas. Mr. Navarete was arraigned on these charges on February 3. (Doc. 39). More than six months later, on August 8, Mr. Navarete filed a Motion for Bill of Particulars, which is an instrument whose purpose "is to inform the

1

defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial," when an indictment does not provide enough information to prepare a defense. *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). The decision whether to grant such a motion is one that is committed to the discretion of the district court. *See United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

The Federal Rules of Criminal Procedure permit a defendant to "move for a bill of particulars before or within 14 days after arraignment *or at a later time if the court permits*." Fed. R. Crim. P. 7(f) (emphasis added). Here, Mr. Navarete did not seek advance leave to file this Motion, but even construing his Motion as one for leave to move for a bill of particulars, the Court would not grant such leave because Mr. Navarete has not provided any explanation for why he waited five-and-a-half months after his arraignment to seek it, until only three weeks remained before his trial. The discovery in this case has been rather voluminous, necessitating several continuances of the trial date. The motion practice in this case has also been unusually intense, with this particular Motion being one of thirteen motions that have been filed by Mr. Navarete within the last month and a half alone (not counting motions for extensions of deadlines). The Court finds it impossible to believe that Mr. Navarete is not *extremely* well apprised by now of the charges against him, and sufficiently so to prepare a defense at trial.

Furthermore, to the extent the Motion requests information that the Government has not already provided in discovery, such information appears to be either unknown to the Government (such as the specific dates on which the conspiracies charged in Counts 1 and 3 began), specific arguments that the Government intends to make to the jury about

2

how to interpret the evidence (such as how to infer that Mr. Navarete acted knowingly), or the identities of informants or other witnesses that will be provided by the Government to Mr. Navarete "by no later than Noon on August 25, 2016," (Doc. 90, p. 4 (quoting Doc. 48, p. 2)). In other words, to the extent that Mr. Navarete's Motion is not moot (or will not soon be moot), it appears to be functioning as "a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial," which is not the proper function of a bill of particulars. *Livingstone*, 576 F.3d at 883. Therefore, Mr. Navarete's Motion for a Bill of Particulars will be **DENIED**.

### 2.     Motion to Sever (Doc. 83)

Mr. Navarete has moved this Court to sever his trial from that of his co-defendant, Ms. Duran. Fed. R. Crim. P. 14 authorizes the Court to "sever the defendants' trials" if their joinder or consolidation "appears to prejudice a defendant or the government." The Eighth Circuit has explained that "to warrant severance under Rule 14 a defendant must show real prejudice, that is, something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Bennett*, 765 F.3d 887, 898 (8th Cir. 2014) (internal alterations and quotation marks omitted). "A defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *Id.* (quoting *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004)).

Mr. Navarete submits four reasons that he will suffer real prejudice at trial if his and Ms. Duran's trials are not severed:

> (a) Defendant Navarete's defense(s) and the defenses of his Co-Defendant will be irreconcilably different;

3

    (b) As husband and wife, Defendant Navarete and Co-Defendant Duran's relationship will be held against them by a jury who will impute special knowledge of the other's activities against them;

    (c) Co-Defendant Duran's refusal to give exculpatory testimony in a joint trial because of the potential for self-incrimination; and

    (d) The possible introduction of any possible extrajudicial confession by Co-Defendant Duran that incriminates the Defendant, even if introduced only against Duran.

(Doc. 83, ¶ 5). Regarding the first reason, since Mr. Navarete has not provided any description or explanation of what his or Ms. Duran's defenses will be—much less of how they will differ—there is no basis in the record for this Court to conclude that any such differences would be irreconcilable. Similarly with regard to the second reason, it is only supported by speculation. As for the third reason, the Court does not see how severing the trials would cure the prejudice, because either defendant would still retain his or her Fifth Amendment right during the other's trial. And as for the fourth, the Government represents that it does not possess any such extrajudicial confession by Ms. Duran that could be introduced. Therefore, Mr. Navarete's Motion to Sever will be **DENIED**.

### 3. Motion in Limine (Doc. 89)

In his Motion in Limine, Mr. Navarete asks this Court to exclude two particular types of evidence at trial: lay-witness identification of voices and telephone conversations, and expert-witness testimony of any sort—with his main concern being expert testimony on drug-trade code words. Regarding the former category of evidence, the Federal Rules of Evidence permit opinion testimony identifying a person's voice by a witness who has "hear[d] the voice at any time under circumstances that connect it with the alleged speaker." Fed. R. Evid. 901(b)(5). The Rules also permit the introduction of evidence

"that a call was made to the number assigned at the time to . . . a particular person, if circumstances, including self-identification, show that the person answering was the one called." Fed. R. Evid. 901(b)(6)(A). Mr. Navarete argues that "the Government has not shown that it can identify [Mr. Navarete's voice] via first-hand knowledge and thus should be prevented from producing any testimony to that effect at trial." (Doc. 89, p. 2). Given the reference in his Motion to Rule 901(b)(6), it appears Mr. Navarete may also be contending that the Government lacks the sort of circumstantial evidence specifically contemplated therein. The Government essentially argues in its Response that in fact it does have the sort of evidence contemplated by these Rules.

The Court is not willing to preemptively rule before any evidence has even come in that the Government will be incapable of establishing the foundation required by these Rules. Accordingly, Mr. Navarete's Motion will be **DENIED** for now as to this particular issue. The Court will, however, require the Government to lay its foundation in the proper sequence. For example, the Government may not ask a witness to identify Mr. Navarete's voice under Rule 901(b)(5) unless that witness first testifies that he has heard Mr. Navarete's voice on some other occasion. And the level of specificity with which a witness makes a Rule 901(b)(5) voice identification must not exceed the scope of that witness's first-hand knowledge; *e.g.*, a witness who has heard the same voice only twice, in two different recordings, may not identify the voice under Rule 901(b)(5) with any greater specificity than that the witness believes the speaker in the two recordings to be the same person. Likewise, a witness may not testify under Rule 901(b)(6)(A) "that a call was made to the number assigned at the time to . . . a particular person," unless there is circumstantial evidence "that the person answering was the one called." At such time as

the Government believes it has laid a proper foundation for a particular Rule 901(b) identification, if it wishes then it may seek a ruling to that effect by this Court outside the jury's hearing; any objections by either Defendant to the sufficiency of any Rule 901(b) foundations will of course be noted and ruled upon at the time such objections are made.

Finally, the Court turns now to the issue of expert testimony, which is governed *inter alia* by Fed. R. Evid. 702, 703, and 705. This Court has previously ordered the Government to provide Mr. Navarete "a written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial" within seven days of Mr. Navarete's request for discovery, pursuant to Fed. R. Crim. P. 16(a)(1)(G). (Doc. 26, pp. 1, 3). Mr. Navarete made such discovery requests at each of his arraignments in this case, most recently on February 3, 2016. *See* Doc. 39. Mr. Navarete represents, and the Government appears to concede, that the Government has not specifically identified to Mr. Navarete any persons as potential expert witnesses or provided Mr. Navarete with a formal summary of any potential expert testimony that such witnesses might provide. However, the Government argues that it should nevertheless be permitted to introduce expert testimony by police officers about drug-trade code words, given that the Eighth Circuit has "held that it is not an abuse of a district court's discretion to permit an officer to testify as an expert, particularly in narcotics cases, even if Rule 16 has not been fully complied with," *United States v. Shepard*, 462 F.3d 847, 866 (8th Cir. 2006), since "this type of expert evidence has become almost routine in drug cases and has been approved in this circuit," *United States v. Ortega*, 150 F.3d 937, 943 (8th Cir. 1998).

In this particular instance, the Court will exercise its discretion to permit the Government to introduce expert testimony—only by police officers as to matters concerning the illegal narcotics industry, and only after a proper foundation is laid as to such officers' expert qualifications. In other words, Mr. Navarete's Motion regarding expert testimony will be **DENIED** as to expert testimony by police officers regarding the drug trade, but **GRANTED** with respect to any other sort of expert testimony. The Court makes this ruling in part because, similarly to *Shepard*, 462 F.3d at 866, the Government represents that it has provided Mr. Navarete with "complete copies of all police reports in this case, all case related affidavits, and DEA 6 reports concerning the investigation," that "[t]hese documents include opinions on what 'drug code words' are used in the intercepted conversations," and that it will be providing this witness's name and a summary of his or her testimony to Mr. Navarete on August 25. Additionally, counsel for Mr. Navarete and Ms. Duran are familiar to this Court as having extensive experience representing criminal defendants in federal drug cases, such that the Court does not believe the Defendants will suffer any prejudice from this Court's adherence to the Eighth Circuit's standard practice on such issues.

However, the Government would be well-advised not to assume in future cases that it can rely on the Court always to exercise its discretion in this manner whenever the issue arises. The severity of prejudice that may be suffered by a defendant on this issue can differ dramatically from one case to another, depending on what sort of evidence has been disclosed and the quality of representation that a defendant is receiving. This Court's standard Pretrial Scheduling Order (including the ones that were entered in this case, *see, e.g.*, Doc. 26), outlines specific procedures that the Court expects to be

followed regarding the disclosure of expert reports or decisions not to disclose them; it should go without saying that this Court will not hesitate to strictly enforce its own prior orders and the Rules of Criminal Procedure, even if it believes the Eighth Circuit would permit it not to, if the interests of justice so require.

### 4. Conclusion

**IT IS THEREFORE ORDERED** that Defendant Larry Jesus Navarete's Motion for a Bill of Particulars (Doc. 78) and Motion to Sever (Doc. 83) are **DENIED**, and his Motion in Limine (Doc. 89) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED** on this 23rd day of August, 2016.

/s/ Timothy L. Brooks
_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE