IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          CASE NO. 5:15-CR-50060

LARRY JESUS NAVARETE
a/k/a LARRY NAVARRETE
a/k/a NICA
and
GUADALUPE DURAN
a/k/a GUADALUPE NAVARRETE
a/k/a ISABEL NAVARRETE                                      DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Defendant Larry Jesus Navarete's Motion to Compel Discovery or in the Alternative for In Camera Review or Exclusion (Doc. 84) and the Government's Response (Doc. 93), as well as Mr. Navarete's Motion to Dismiss Counts 2, 5, 6 & 7 of the Superseding Indictment for Lack of Venue or in the Alternative to Transfer Venue (Doc. 85) and the Government's Response (Doc. 94). At the pretrial hearing yesterday on August 23, 2016, the Court heard oral argument on these motions, and ruled on them from the bench. This Order briefly memorializes and explains the bases for those rulings. To the extent that there is any conflict between the Court's statements from the bench and this written Order, the written Order shall control.

Mr. Navarete's Motion to Compel seeks the production or exclusion of five categories of discovery. The first category is "[t]he identity and full file on any CS or CD denoted in the voluminous discovery provided," which the Court denied without prejudice as vague and premature because the Government will provide its witness and exhibit lists, as well as *Jencks*, *Brady*, and *Giglio* materials, to defense counsel by Thursday,

August 25, 2016, at noon. The second category is "[a] copy of any Audio Recording received by DEA Arkansas on or about June 16, 2015 and all associated documents or recordings . . . of the Defendant," which the Court deemed moot because the Government has made it available for Mr. Navarete's counsel to review and does not intend to use it for any purpose at trial; the Court further explained that after Mr. Navarete's counsel listens to the recording, he may re-raise the issue of whether Mr. Navarete himself should be permitted to listen to it, if he can articulate the basis for any further relief with more specificity than he has thus far. The third category is "fifteen day reports" for this case and associated cases regarding Title III applications, which the Court deemed moot because the Government has already provided Mr. Navarete all the fifteen day reports in its possession. The fourth category is "[a]ll phone extractions performed in conjunction with this indictment," which the Court granted by ordering the Government to provide to Mr. Navarete's counsel in a Blu-ray DVD medium by no later than the close of business on August 24, 2016, absent technical difficulties. Mr. Navarete withdrew his motion as to the fifth category, which the Court accordingly deemed moot.

Mr. Navarete's Motion to Dismiss or Transfer Venue argues that based on the discovery that has been provided, Mr. Navarete anticipates that the Government will be unable to prove that Counts 2, 5, 6, and 7 were committed in the Western District of Arkansas. The Government disagrees. The Court lacks sufficient factual context at this time to know which side has the more accurate perception of the proof in this case, but observes that the Superseding Indictment explicitly charges that these crimes occurred in the Fayetteville Division of the Western District of Arkansas. Therefore, whether venue in this district is proper is "a question of fact for the jury" to determine whether the

Government has proven "by a preponderance of the evidence," which may be accomplished by "circumstantial evidence alone." *United States v. Black Cloud*, 590 F.2d 270, 272–73 (8th Cir. 1979). Therefore, Mr. Navarete's Motion to Dismiss or Transfer Venue is denied without prejudice to his right to re-raise the issue at an appropriate time.

Mr. Navarete is concerned that if venue is ultimately found to be improper on some or all of these Counts, then it might be impossible to remove any prejudice as to the remaining Counts resulting from the introduction of evidence on the improperly-tried Counts that would not have otherwise come in. The Court is skeptical of this concern, as it appears that the Government's theory of the case alleges that Counts 2, 5, 6, and 7 were committed by Mr. Navarete in furtherance of the conspiracy charged in Count 1. But if Mr. Navarete's concerns on this front come to fruition, then the Court will certainly entertain and carefully consider requests for curative jury instructions, for a mistrial, or for any other appropriate relief under Rule 29, Rule 33, or any other Federal Rule of Criminal Procedure.

**IT IS THEREFORE ORDERED** that Defendant Larry Jesus Navarete's Motion to Compel Discovery or in the Alternative for In Camera Review or Exclusion (Doc. 84) is **GRANTED IN PART, DENIED IN PART, AND MOOT IN PART**, and that Mr. Navarete's Motion to Dismiss Counts 2, 5, 6 & 7 of the Superseding Indictment for Lack of Venue or in the Alternative to Transfer Venue (Doc. 85) is **DENIED**.

**IT IS SO ORDERED** on this 24th day of August, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3